**Alex DICKENS**

v.

**Cameron LINDSAY, Warden.**

No. 06–1260.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 June 29, 2006.

Filed: July 19, 2006.

---

Alex Dickens, Waymart, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for Cameron Lindsay.

Before: SLOVITER, McKEE and FISHER, Circuit Judges.

## OPINION

PER CURIAM.

Alex Dickens appeals from the District Court's order denying his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. In his habeas petition, Dickens challenges the calculation of his good conduct time (GCT) by the Bureau of Prisons (BOP). Because we conclude that Dickens' appeal presents no substantial question, we will summarily affirm the District Court's order.

Dickens is currently serving a federal sentence of 60 months imposed in 2005. The BOP projects Dickens' release date as August 14, 2006. The BOP's calculation of GCT is based on the time Dickens will actually serve in prison, not on the entire 60-month sentence imposed. Dickens disagrees with the BOP's calculation.

After administratively challenging the BOP's calculation, Dickens filed a § 2241 habeas corpus petition in the District Court. In his habeas petition, Dickens argues that the BOP's calculation of his GCT deprives him of the amount to which he is entitled by statute. The District Court rejected Dickens' argument and denied his habeas petition. Dickens appeals.[1]

We will affirm the District Court's order. As the District Court correctly stated, we resolved this issue in *O'Donald v. Johns*, 402 F.3d 172 (3d Cir.2005), *cert.*

denied, —— U.S. ——, 126 S.Ct. 1906, 164 L.Ed.2d 583 (2006). In *O'Donald*, we held that the meaning of § 3624(b) is ambiguous and thus deferred to the BOP's reasonable interpretation of the statute. *See id.* at 174.

In short, Dickens' appeal is controlled by *O'Donald* and presents us with no substantial question. Accordingly, we will summarily affirm the District Court's order. *See* Third Circuit L.A.R. 27.4, I.O.P. 10.6.

---

1. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. *See Ruggiano v. Reish,* 307 F.3d 121, 126 (3d Cir.2002).